NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TURO INC.,<br><br>     Plaintiff-counter-<br>     defendant,<br><br>  v.<br><br>CITY OF LOS ANGELES,<br><br>     Defendant-counter-claimant-<br>     Appellee,<br><br>  v.<br><br>ERIC KWAN; et al.,<br><br>     Counter-defendants-<br>     Appellants. | No.    20-55729<br><br>D.C. No.<br>2:18-cv-06055-CAS-GJS<br><br>MEMORANDUM* |
| TURO INC.,<br><br>     Plaintiff-counter-<br>     defendant-Appellant,<br><br>  v.<br><br>CITY OF LOS ANGELES, | No.    20-55731<br><br>D.C. No.<br>2:18-cv-06055-CAS-GJS |

_____

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-counter-claimant-
Appellee,

and

ERIC KWAN; et al.,

Counter-defendants.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted January 13, 2021
Pasadena, California

Before:  CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[**] District Judge.

Turo Inc., an online car-sharing platform, and Eric Kwan, Andras Smulovics, and Andrey Kornakov, individuals who rent out their vehicles through Turo, appeal from the district court's issuance of a preliminary injunction prohibiting them from arranging or conducting any vehicle handoffs at Los Angeles International Airport ("LAX") without first obtaining authorization from the City of Los Angeles (the "City").  We have jurisdiction over the appeal from the issuance of the preliminary injunction under 28 U.S.C. § 1292(a)(1), and we reverse the order granting the injunction, vacate the injunction, and remand for

[**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

2

further proceedings.

1. Turo, Kwan, Smulovics, and Kornakov contend that the district court erred in entering a preliminary injunction against them. To be entitled to a preliminary injunction, the moving party must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "We review the district court's determination that the plaintiff satisfied each of these four factors for abuse of discretion." *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011). "A district court abuses its discretion when its decision relies 'on an erroneous legal standard or clearly erroneous finding of fact.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

We hold that the district court erred in determining that the City met its burden to establish that it was likely to suffer irreparable harm in the absence of a preliminary injunction. To establish a likelihood of irreparable harm, the moving party must provide more than conclusory or speculative allegations. *Herb Reed Enter., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). "Issuing a preliminary injunction based only on a possibility of irreparable harm is

3

inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Here, the district court based its determination that the City would likely suffer irreparable harm on its finding that, as of 2018, "approximately 127 vehicles were handed off at LAX as a result of Turo every day" and that Turo's "operations are in fact specifically impacting traffic flow at LAX—at least to *some* degree." But the record also shows that, during the same period, there were more than 30,000 pickups and drop offs at LAX per day by transportation network companies (like Uber and Lyft), taxis, and limousines. Counting all forms of traffic, the City alleges that approximately 100,000 vehicles pass through LAX's central terminal area per day. Turo also presented expert opinion testimony, unrebutted by the City, stating that "Turo user handoff volumes are immaterial and essentially unnoticeable in the context of overall traffic volumes at LAX." On this record, we conclude that the City has not adequately shown that Turo's 127 transactions at LAX per day impact traffic conditions at the airport to such a degree that the City will be irreparably harmed in the absence of immediate relief.

Having determined that the City has not made an adequate showing of the likelihood of irreparable harm on this record, we need not address the parties' arguments regarding the remaining elements of the preliminary injunction test. *See*

4

*DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 782 (9th Cir. 2011).

2.      Turo also seeks review of the district court's denial of Turo's motion to dismiss the City's counterclaims on the ground that they are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.  Turo asserts that the issues presented in the motion to dismiss are "inextricably intertwined" with the review of the merits of the preliminary injunction, which this court separately has jurisdiction to review under 28 U.S.C. § 1292(a)(1).  *Arc of Cal.*, 757 F.3d at 992–93 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 996 (9th Cir. 2012)).  Because we do not address the City's likelihood of success on the merits in the context of its request for a preliminary injunction, we decline to exercise pendent jurisdiction over Turo's appeal from the denial of the motion to dismiss.  *See Perfect 10, Inc.*, 653 F.3d at 982 n.3.

We therefore **REVERSE** the district court's order granting the City's motion for a preliminary injunction, **VACATE** the preliminary injunction, and **REMAND** for further proceedings consistent with this disposition.